ATTORNEY GENERAL SUSAN LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN INFORMAL OPINION ASKING IN EFFECT WHETHER A SCHOOL DISTRICT HAS THE AUTHORITY TO SELECT A COMPANY WHICH ISSUES ANNUITIES TO TEACHERS OR FULL-TIME EMPLOYEES OF A SCHOOL DISTRICT PURSUANT TO 70 O.S. 6-101.1 OR WHETHER IT MUST OFFER TO CONTRACT WITH ANY COMPANY THAT MEETS THE STATUTORY REQUIREMENTS.
SECTION 70 O.S. 6-101.1 OF TITLE 70 OF THE OKLAHOMA STATUTES REFERENCES AND IS DERIVED IN PART FROM THE TAXATION EXCLUSION PROVIDED IN SECTION 403 OF THE INTERNAL REVENUE CODE.26 U.S.C.A. 403. SECTION 403 STATES:
 "(A)(1) DISTRIBUTEE TAXABLE UNDER SECTION 72. — IF AN ANNUITY CONTRACT IS PURCHASED BY AN EMPLOYER FOR AN EMPLOYEE UNDER A PLAN WHICH MEETS THE REQUIREMENTS OF SECTION 404(A)(2) (WHETHER OR NOT THE EMPLOYER DEDUCTS THE AMOUNTS PAID FOR THE CONTRACT UNDER SUCH SECTION), THE AMOUNT ACTUALLY DISTRIBUTED TO ANY DISTRIBUTEE UNDER THE CONTRACT SHALL BE TAXABLE TO THE DISTRIBUTEE (IN THE YEAR IN WHICH SO DISTRIBUTED) UNDER SECTION 72 (RELATING TO ANNUITIES).
(B)(1) GENERAL RULE. — IF —
(A) AN ANNUITY CONTRACT IS PURCHASED —
 (II) FOR AN EMPLOYEE . . . WHO PERFORMS SERVICES FOR AN EDUCATIONAL ORGANIZATION DESCRIBED IN SECTION 170(B)(1)(A)(II), BY AN EMPLOYER WHICH IS A STATE, A POLITICAL SUBDIVISION OF A STATE, OR AN AGENCY OR INSTRUMENTALITY OF NY ONE OR MORE OF THE FOREGOING,
 (B) SUCH ANNUITY CONTRACT IS NOT SUBJECT TO SUBSECTION (A),
 (C) THE EMPLOYEE' F RIGHTS UNDER THE CONTRACT ARE NONFORFEITABLE, EXCEPT FOR FAILURE TO PAY FUTURE PREMIUMS,
 (D) EXCEPT IN THE CASE OF A CONTRACT PURCHASED BY A CHURCH, SUCH CONTRACT IS PURCHASED UNDER A PLAN WHICH MEETS THE NONDISCRIMINATION REQUIREMENTS OF PARAGRAPH (12), AND
 (E) IN THE CASE OF A CONTRACT PURCHASED UNDER A PLAN WHICH PROVIDES A SALARY REDUCTION AGREEMENT, THE PLAN MEETS THE REQUIREMENTS OF SECTION 401(A)(30).
THEN AMOUNTS CONTRIBUTED BY SUCH EMPLOYER FOR SUCH ANNUITY CONTRACT ON OR AFTER SUCH RIGHTS BECOME NONFORFEITABLE SHALL BE EXCLUDED FROM THE GROSS INCOME OF THE EMPLOYEE FOR THE TAXABLE YEAR TO THE EXTENT THAT THE AGGREGATE OF SUCH AMOUNTS DOES NOT EXCEED THE EXCLUSION ALLOWANCE FOR SUCH TAXABLE YEAR. THE AMOUNT ACTUALLY DISTRIBUTED TO ANY DISTRIBUTEE UNDER SUCH CONTRACT SHALL BE TAXABLE TO THE DISTRIBUTEE (IN THE YEAR IN WHICH SO DISTRIBUTED) UNDER SECTION 72, (RELATING TO ANNUITIES)."
IN SHORT, SECTION 403(B) TAX-SHELTERED ANNUITIES PROVIDE FAVORABLE TAX TREATMENT TO PUBLIC SCHOOL TEACHERS AND OTHER EMPLOYEES OF EDUCATIONAL INSTITUTIONS IF THE ANNUITY IS PURCHASED BY AN EMPLOYER WHICH IS A STATE, POLITICAL SUBDIVISION OF A STATE, OR AN AGENCY OR INSTRUMENTALITY OF THE STATE OR POLITICAL SUBDIVISION.26 U.S.C.A. 403(B)(1)(A)(II). PRESUMABLY, THE REASON FOR EXTENDING THIS TAX-DEFERRED STATUS TO RELIGIOUS, EDUCATIONAL OR CHARITABLE ORGANIZATIONS IS THE RECOGNITION THAT THESE ORGANIZATIONS ALREADY ENJOYED TAX EXEMPTION AND WERE INDIFFERENT TO DEDUCTIONS FOR CONTRIBUTIONS TO RETIREMENT PLANS AND THEREFORE HAD LITTLE REASON TO TROUBLE THEMSELVES WITH THE RESTRICTIVE AND COMPLICATED RULES AND PROCEDURES INVOLVED IN ATTAINING QUALIFIED STATUS OTHERWISE. SEE STANDARD FEDERAL TAX REPORTER (COMMERCE CLEARING HOUSE) 18,282.02 (1991). IN ORDER TO QUALIFY AS A TAX DEFERRED ANNUITY PROGRAM UNDER THIS PROVISION OF THE INTERNAL REVENUE CODE, THE EMPLOYER MUST PURCHASE THE ANNUITY CONTRACT FOR THE EMPLOYEE. ACORD V. UNITED STATES, 532 F. SUPP. 22, 23 (E.D. MO. 1981). THEREFORE, THE EMPLOYEE HAS NO INDEPENDENT RIGHT OR ABILITY TO CONTRACT FOR AN ANNUITY WITH TAX DEFERRED STATUS PURSUANT TO SECTION 403 OF THE INTERNAL REVENUE CODE.
AN ANALYSIS OF THE SCHOOL DISTRICT'S AUTHORITY REQUIRES A CONSTRUCTION OF THE STATE STATUTE WHICH REGULATES THE SECTION 403 TAX TREATMENT FOR STATE INCOME TAX PURPOSES.
THE STATE OF OKLAHOMA HAS EXTENDED TAX-DEFERRED STATUS TO A PART OF THE SALARY OF A TEACHER OR ANY FULL-TIME EMPLOYEE OF A SCHOOL DISTRICT.
TITLE 70 O.S. 6-101.1 STATES IN PERTINENT PART:
(TEXT OF STATUTE)
THIS STATUTE HAS NOT BEEN CONSTRUED IN ANY PUBLISHED OPINION IN OKLAHOMA. THE OPERATIVE LANGUAGE FOR PURPOSES OF YOUR REQUEST IS UNDERLINED. THE USE OF THE TERM "MAY" IN THE FIRST SENTENCE OF THE STATUTE IDENTIFIES THE PARAMETERS OF THE SCHOOL DISTRICT'S OBLIGATION TO ITS TEACHERS OR FULL-TIME EMPLOYEES. THE USE OF THE WORD "MAY" UNDER GENERAL RULES OF CONSTRUCTION INDICATES PERMISSIVE OR DISCRETIONARY AUTHORITY BUT NOT MANDATORY. SEE, STATE. EX REL. CARTWRIGHT V. OKLAHOMA NATURAL GAS, 640 P.2D 1341, (OKLA.1982) AND SHEA V. SHEA, 537 P.2D 417 (OKLA.1975). THEREFORE, A SCHOOL DISTRICT HAS THE AUTHORITY TO CONTRACT FOR SECTION 403 TAX-SHELTERED ANNUITIES FOR ITS TEACHERS OR FULL-TIME EMPLOYEES, BUT IT IS NOT REQUIRED TO DO SO. THE STATUTE SPECIFICALLY LIMITS SUCH PURCHASES TO THE FOLLOWING:
 1) THE PURCHASE OF AN ANNUITY CONTRACT FROM ANY INSURANCE COMPANY AUTHORIZED TO DO BUSINESS IN OKLAHOMA; OR
 2) THE PURCHASE OF SHARES OF REGULATED INVESTMENT COMPANIES TO BE HELD IN A CUSTODIAL ACCOUNT . . .; OR
 3) THE PURCHASE OF A FACE AMOUNT INVESTMENT ANNUITY CERTIFICATE ISSUED BY A COMPANY AUTHORIZED TO DO BUSINESS IN OKLAHOMA.
THEREFORE, A SCHOOL DISTRICT HAS AUTHORITY TO PURCHASE ONLY THOSE ITEMS SPECIFIED IN THE STATUTE. WHILE A SCHOOL DISTRICT MAY NOT IMPOSE ADDITIONAL RESTRICTIONS OTHER THAN THOSE AUTHORIZED BY STATUTE, IT HAS IMPLIED DISCRETION WITHIN THESE SPECIFIED LIMITATIONS TO CHOOSE AN APPROPRIATE ENTITY WITH WHICH TO CONTRACT. THIS CHOICE REMAINS WITH THE SCHOOL DISTRICT, AS IT IS A PARTY TO THE CONTRACT IN CONTRAST TO THE TEACHER OR FULL-TIME EMPLOYEE WHO MAY HAVE ENFORCEABLE RIGHTS PURSUANT TO THE CONTRACT BUT IS NOT A PARTY.
(SHERIDAN A. MCCAFFREE)